IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GAIL SHIPMAN, et al.,                    :          CIVIL ACTION

                    Plaintiffs,          :

          v.                             :          NO. 17-5416

AQUATHERM L.P., et al.,                  :

                    Defendants.          :
. .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .

GAIL SHIPMAN, et al.,                    :

                    Plaintiffs,          :          NO. 18-2922

          v.                             :

ARCO INDUSTRIAL SALES, INC.,             :
et al.,
                    Defendants.          :

## **MEMORANDUM**

     In this wrongful death and survival action, Plaintiffs Gail Shipman, individually and as personal representative of the Estate of Roy Marvin Shipman, Jr., deceased, Roy Shipman III, and Justin Shipman (collectively, "Plaintiffs"), brought claims against Defendants Aquatherm, L.P. ("Aquatherm"), N.H. Yates and Company, Inc. ("Yates"), Landstar Ranger, Inc. ("Landstar"), ARCO Industrial Sales, Inc. d/b/a ARCO Packaging and Janitorial Sales ("Arco"), and Signode Industrial Group LLC ("Signode"), arising from the July 15, 2016 death of Roy Marvin Shipman, Jr. ("Shipman") at Yates' facility in Pottstown, Pennsylvania.  On November 23, 2022, Arco filed Notices of Appeal of this Court's Order denying Arco's Motion to Mold the Verdict and the Judgment entered against Arco in the amount of $1,000,000.

     Plaintiffs commenced this action with the filing of a Complaint in the United States

District Court for the Eastern District of Pennsylvania on July 12, 2018, alleging negligence and product liability against Defendants Arco and Signode.  Prior to that time, Plaintiffs had filed similar negligence claims against Aquatherm, Yates, and Landstar under a separate action.  Both actions were consolidated for trial, which commenced on August 29, 2022.  Prior to the verdict, Yates and Aquatherm reached settlements with Plaintiffs.[1]  Aquatherm, Landstar, and Arco were the only defendants included on the jury verdict slip.  Aquatherm and Landstar faced theories of negligence, and Arco faced a claim of negligence as well as strict liability.  On September 8, 2022, the jury returned a verdict.  ECF No. 307.  On the verdict slip, attached as Exhibit A to this Memorandum, the jury determined that both Arco and Aquatherm were negligent, and that their negligence was a factual cause of Mr. Shipman's injuries.[2]  Id. The jury also determined that Arco was strictly liable for Mr. Shipman's injuries.  Id.  In attributing a percentage of negligence to each party, the jury determined that Arco was 23.75% negligent, Aquatherm was 57.5% negligent, and Mr. Shipman was 18.75% negligent.  Id.  The jury awarded Plaintiffs $1,575,000. Id.

This Court entered Judgment in favor of Plaintiffs and against Arco in the amount of $1,575,000.  ECF No. 308.  One week later, this Court was first informed that, while the jury was deliberating and unbeknownst to the Court, Plaintiffs and Arco entered into a high low settlement agreement, attached as Exhibit B to this Memorandum [hereinafter "High-Low Agreement"].[3]  ECF No. 310.  This handwritten agreement stated:

---

[1]     Defendant Signode had the action against it transferred to the United States District Court for the State of Delaware.  ECF No. 281.

[2]     The jury determined that Landstar was negligent, but that its negligence was not a factual cause of Mr. Shipman's injuries.  ECF No. 307.

[3]     Plaintiffs and Landstar similarly entered into a high low agreement, the subject of which is not at issue.

> The parties below have agreed to a high-low settlement agreement based on a unanimous jury verdict with a low of $100,000 and a high of $1,000,000 (insurance policy limits) payable to Plaintiffs' counsel within 30 days, the amount based on the verdict.

Ex. B.  Moreover, in a September 23, 2022 letter to this Court, Plaintiffs requested that the Court vacate the judgment entered based on the high-low settlement agreements entered into with both Landstar and Arco, and that they have forty-five days to submit closing papers.  ECF No. 312. This Court granted that request and vacated the Judgment.  ECF No. 313.

Subsequently, on September 27, 2022, Arco filed a Motion to Mold the Verdict.  ECF No. 314.  In its Motion, Arco argued that it was entitled to credit for contribution from Defendant Aquatherm, despite Aquatherm having settled with Plaintiffs prior to a verdict being reached, and that the verdict should be molded to deduct Aquatherm's share of liability.  Id.  Arco argued that the Court should reduce the verdict by 57.5%, the percentage that Aquatherm was found negligent, and enter a verdict of $669,375,00.00 against Arco.  Id.

In denying the Motion to Mold the Verdict, this Court was persuaded by the High-Low Agreement entered into by Arco and Plaintiffs.  High-low agreements "cap damages -- both on the low and high end -- that a plaintiff may receive on a trial verdict."  Hartford Cas. Ins. V. Liberty Mut. Fire Ins. Co., No. 18-cv-0044, 2021 WL 1186759 (D.N.J. Mar. 30, 2021).  More specifically, "[a] high/low agreement is 'a settlement in which a defendant agrees to pay the plaintiff a minimum recover in return for the plaintiff's agreement to accept a maximum amount regardless of the outcome of trial."  Thompson v. T.J. Whipple Constr. Co., 985 A.2d 221, 222 (Pa. Super. Ct. 2009).  Settlement agreements "are regarded as contracts and must be considered pursuant to general rules of contract interpretation."  Friia v. Friia, 780 A.2d 664, 668 (Pa. Super. Ct. 2001).  High-low agreements are therefore enforced based on their terms.  Thompson, 985 A.2d at 229-30.

3

In view of the fairly complicated verdict form, this Court focused on what the parties meant by "verdict" in their handwritten agreement drafted during jury deliberations.  Here, the High-Low Agreement provided a low of $100,000 and a high of $1 million (matching the upper limit of Arco's insurance policy).  Ex. B.  Whether the "low" or the "high" amount was to be paid was based on the jury's verdict.  Id.  The High-Low Agreement makes no reference whatsoever to post-verdict motions or post-verdict changes in the jury's verdict.  Id.  The only condition to Plaintiffs' right to the $1 million "high" amount was a jury verdict in excess of that amount.  Id.  Moreover, the case against Arco, who sold the product at issue, and its defense at trial rested primarily in products liability.  Plaintiffs directed their case against Arco based on their role as seller of the product and the allegations of negligence against Arco were secondary.

In view of these factors, this Court concluded that the "verdict" contemplated by the parties when they included that term in their handwritten agreement was the $1,575,000, reduced to $1,000,000 in light of the parties High-Low Agreement.  At that point in time, while the jury was deliberating and Arco and Plaintiffs formed their agreement, it does not appear that the parties had in mind the complicated calculations set out in Arco's Motion to Mold the Verdict. ECF No. 314.

Accordingly, this Court denied Arco's Motion to Mold the Verdict and entered Judgment in the amount of $1,000,000, which reflected a jury verdict of $1,575,000, as reduced by the parties' High-Low Agreement.

BY THE COURT:


*/s/ Robert F. Kelly*
ROBERT F. KELLY, J.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL SHIPMAN, INDIVIDUALLY AND | : | |
| AS PERSONAL REPRESENTATIVE OF | : | |
| THE ESTATE OF ROY MARVIN | : | |
| SHIPMAN JR., DECEASED, ROY | : | Civil Action No. 2:17-cv-05416 (*Lead Case*) |
| SHIPMAN III, and JUSTIN SHIPMAN | : | |
| | : | |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| AQUATHERM L.P., N.H. YATES | : | |
| AND COMPANY, INC., AND | : | |
| LANDSTAR RANGER, INC. | : | |
| | : | |
| Defendants | : | |

| | | |
|---|---|---|
| GAIL SHIPMAN, INDIVIDUALLY AND | : | |
| AS PERSONAL REPRESENTATIVE OF | : | |
| THE ESTATE OF ROY MARVIN | : | |
| SHIPMAN JR., DECEASED, ROY | : | Civil Action No. 2:18-cv-02922 |
| SHIPMAN III, and JUSTIN SHIPMAN | : | |
| | : | |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| ARCO INDUSTRIAL SALES, INC. d/b/a | : | |
| ARCO PACKAGING/JANITORIAL | : | |
| SALES, AND SIGNODE INDUSTRIAL | : | |
| GROUP LLC | : | |
| Defendants | : | |

## VERDICT FORM

I will now read you the questions on the verdict form that you must answer to arrive at a

proper verdict:

## QUESTION 1:

Were any of the following negligent?

a) Aquatherm, L.P.                Yes ✓ No_____

b) Landstar Ranger, Inc.         Yes ✓ No_____

c) Arco Industrial Sales, Inc.   Yes ✓ No_____

If you answered "Yes" to Question 1 as to any Party, go to Question 2.

If you answered "No" Question 1 as to all Parties, go to Question 6.

## QUESTION 2:

Was the negligence of any of the following a factual cause of any harm to Roy Shipman, Jr.? Please answer for each Party.

a)  Aquatherm, L.P.                    Yes __✓__     No_____

b)  Landstar Ranger, Inc.              Yes _____    No __✓__

c)  Arco Industrial Sales, Inc.        Yes __✓__     No_____

If you answered "Yes" to Question 1 as to any Party, go to Question 3.

If you answered "No" to Question 1 as to all Parties, go to Question 6.

## QUESTION 3:

Was Roy Shipman, Jr. negligent?

Yes __✓__     No_____

If you answered "Yes" to Question 3, go to Question 4.

If you answered "No" to Question 3, go to Question 5.

## QUESTION 4:

Was Roy Shipman, Jr.'s negligence a factual cause of any harm to him?

Yes ___✓___   No_____

Continue to Question 5.

## QUESTION 5:

Taking the combined negligence that was a factual cause of any harm to Roy Shipman, Jr. as 100 percent, what percentage of the negligence do you attribute to each party?

a)  Percentage of negligence attributable to Arco Industrial Sales, Inc.
(Answer only if you answered "Yes" to Questions 1 for Arco Industrial Sales, Inc.)
and 2

23.75 %

b)  Percentage of negligence attributable to Landstar Ranger, Inc.
(Answer only if you answered "Yes" to Questions 1 for Landstar Ranger, Inc.)
and 2

0 %

c)  Percentage of negligence attributable to Aquatherm, L.P.
(Answer only if you answered "Yes" to Questions 1 for Aquatherm L.P.)
and 2

57.5 %

d)  Percentage of negligence attributable to Roy Shipman, Jr. (Answer only if you answered "Yes" to Questions 3 for Roy Shipman, Jr.)
and 4

18.75 %

TOTAL                                                                          100%

Continue to Question 6.

**QUESTION 6:**

Were the bands and/or straps supplied by Arco Industrial Sales, Inc. defective?

Yes __✓__    No_____

If you answered "Yes" to Question 6, continue to Question 7.

If you answered "No" to Question 6 and you answered "Yes" to Question 1 and 2 for any Party and you have determined that Roy Shipman, Jr.'s negligence was not greater than 50%, go to Question 8.

## QUESTION 7:

Do you find that a defect in the bands and/or straps supplied by Arco Industrial Sales, Inc. was a factual cause of harm to Roy Shipman, Jr.?

Yes __✓__   No_____

If you answered "Yes" to Question 1 and 2 for any Party and you have determined that Roy Shipman, Jr.'s negligence was not greater than 50%, go to Question 8.

Or if you've answered "Yes" to Questions 6 and 7, go to Question 8.

If not, do not answer any additional questions and tell the court officer you've reached a verdict.

## QUESTION 8:

First Claim:     State the amount of damages to Roy Shipman Jr.'s surviving spouse, Gail
Shipman, and children, Roy Shipman, III, and Justin Shipman,  in a single lump
sum:

- Gail Shipman, Roy Shipman, III and Justin Shipman, sustained as a result
  of Roy Shipman, Jr.' death for funeral expenses; support including food,
  clothing, shelter, transportation, education, entertainment, and household
  services;

- Gail Shipman sustained as a result of Roy Shipman, Jr.'s death for loss of
  companionship, cooperation, affection, and assitance, and sexual
  relationahip;

- Roy Shipman, III and Justin Shipman sustained as a result of Roy
  Shipman, Jr.'s death for the loss of guidance, teaching, training, advice,
  care, and emotional support.

$ 1,400,000

Second Claim:   State the amount of damages to Roy Shipman, Jr. for loss of income after death
and for pain and suffering from injury to death in a single lump sum.

$ 175,000

**Total Damages Awarded:**                     $ 1,575,000

-9-

Please sign and date the Verdict Slip and notify the courtroom deputy that you have reached a verdict.

09 / 08 / 2022
DATE

Barry Smith
FOREPERSON

# EXHIBIT B

9/8/22   Shipman vs. Arco

The parties below have agreed
to a high-low settlement agreement
based on a unanimous jury verdict
with a low of $100,000 and a high
of $1,000,000 (insurance policy limits)
Payable to Plaintiffs counsel within
30 days, the amount based on the verdict.

_____
Plaintiffs' counsel

_____
Arco Industrial
Sales, Inc.'s
Representative

_____
Authorized Representative
for the Shipmans